UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-60373

MAURICIO SUAREZ,

     Plaintiff,

                                             JURY TRIAL DEMANDED

vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC, a Foreign Limited
Liability Company and RAUSCH,
STURM, ISRAEL, ENERSON &
HORNIK, LLC, a Foreign Limited
Liability Partnership,

     Defendant.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, MAURICIO SUAREZ (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, seeks redress for the illegal practices of Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC,  a Foreign Limited Liability Company (hereinafter referred to as "Defendant" or "PORTFOLIO" or "PORTFOLIO RECOVERY ASSOCIATES, LLC"), and  RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP,  a Foreign Limited Liability Partnership (hereinafter referred to as "Defendant" or "RAUSCH STURM" or "RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP") (collectively, "Defendants") to wit, for Defendants' violations of 15 U.S.C. §1692, *et seq.* of the Fair Debt Collection Practices Act, and Florida Statute §559.551, *et seq.* the Florida Consumer Collection Practices Act and other equitable and declaratory relief and in support thereof, Plaintiff states the following:

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## NATURE OF ACTION

### I.    THE FAIR DEBT COLLECTION PRACTICES ACT

1.     The Fair Debt Collection Practices Act (the "FDCPA") is a series of statues which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692.  Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3.     The FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. 15 U.S.C. §1692c(a)(2).

4.     If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the

consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except— (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.  15 U.S.C. §1692c(c)(1) – (3).

5.      Further, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. §1692d.

6.      For purposes of the FDCPA, a "debt collector" is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

7.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights.  15 U.S.C. §1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, but generally and in a specific list of disapproved practices.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## II.     THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

8.     The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and protections and prohibitions of the FDCPA. *See Bianchi v. Migliaccio, LLP*, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

9.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall:

> Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

*See*, Fla. Stat. §559.72(18) (2020).

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

*See*, Fla. Stat. §559.72(18) (2020).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

10.     The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA.  *See In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collection a consumer debt." (emphasis added)); *see, e.g., Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

11.     Plaintiff alleges that Defendants have unlawfully contacted him in an attempt to collect an alleged debt from him in direct contravention of the aforesaid statutes.  Consequently, Plaintiff now seeks injunctive relief, as well as statutory damages, actual damages, attorneys' fees, and costs, in accordance with the aforementioned statutes where applicable.

## JURISDICTION AND VENUE

12.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 for Defendants' violations of 15 U.S.C. §1692, *et seq.* of the Fair Debt Collection Practices Act ("FDCPA").

13.     Supplemental jurisdiction exists for Defendants' violations §559.55, Florida Statutes, *et. seq.* ("FCCPA") under 28 U.S.C. §1367(a).

14.     Venue in this District is proper for the Plaintiff because Plaintiff resides here.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

15.     Venue in this District is proper for the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC transacts business here and the complained conduct of Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, occurred here.

16.     Venue in this District is proper for the Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP as it transacts business here and the complained about conduct of the Defendant occurred here.

17.     At all material times herein, Plaintiff is an individual residing in Broward County, Florida.

18.     The alleged violation and all acts giving rise to the claim described in the Complaint occurred in Broward County, Florida.

19.     Venue is proper in this Court, as all acts giving rise to this claim occurred in Broward County, Florida.

## PARTIES

20.     Plaintiff is a natural person residing in Broward County, Florida, and is a "consumer" as defined both by the FDCPA and FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes, respectively.

21.     PORTFOLIO RECOVERY ASSOCIATES, LLC a Foreign Limited Liability Company, is a Foreign Limited Liability Company.

22.     PORTFOLIO RECOVERY ASSOCIATES, LLC, transacts business in Broward County, Florida and the complained about conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC, occurred here.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

23.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, is a Foreign Limited Liability Partnership and maintains its principal place of business in Brookfield, Wisconsin.

24.     The complained about conduct of Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, occurred here in Broward County, Florida.

25.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts and is a "debt collector" as the term is defined pursuant to 15 U.S.C.S. § 1692a(6).

26.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts and is a "debt collector" as the term is defined pursuant to 15 U.S.C.S. § 1692a(6).

27.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is an "out-of-state consumer debt collector" within the meaning of §559.55(11), Florida Statutes.

28.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, is an "out-of-state consumer debt collector" within the meaning of §559.55(11), Florida Statutes.

29.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC's registered agent is CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525.

30.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP's registered agent is GREGORY W ENERSON, 250 N SUNNYSLOPE RD STE 300, BROOKFIELD, WI 53005.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

31.     At all material times herein, the "debt" is a "consumer debt" as defined both by the FDCPA and FCCPA, 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes, respectively, and was an obligation or alleged obligation of Plaintiff-consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

32.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC is a "debt collector" within the meaning of both the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and §559.55(7).

33.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP is a "debt collector" within the meaning of both the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and §559.55(7).

34.     At all material times herein, the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC is a "person" subject to Florida Statutes, §559.72.

35.     At all material times herein, the Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP is a "person" subject to Florida Statutes, §559.72.

36.     At all material times herein, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC is a "creditor" as defined by Florida Statutes, Section 559.55(5).

37.     At all material times herein, Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP is a "creditor" as defined by Florida Statutes, Section 559.55(5).

38.     In addition, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is licensed as a consumer collection agency by the Florida Office of Financial Regulation and holds license number CCA0900382. *See* **EXHIBIT A**. (True and correct copy of Florida Office of Financial Regulation license search for PORTFOLIO RECOVERY ASSOCIATES, LLC).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

39.     At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55(2).

## **FACTUAL ALLEGATIONS**

40.     On or about May 6, 2020, Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, sent to Plaintiff a correspondence indicating that it was seeking to collect a debt on behalf of its client, PORTFOLIO RECOVERY ASSOCIATES, LLC.  *See* **EXHIBIT B**. (True and correct copy of RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP's debt collection letter to Plaintiff dated May 6, 2020).

41.     As a result of the Defendant's correspondence, the Plaintiff promptly retained the undersigned counsel and on or about June 16, 2020, the Plaintiff sent the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC in c/o Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, a correspondence via facsimile which in pertinent part advised the Defendants that the Plaintiff:

   a.  Disputed the validity of the debt;

   b.  Requested verification; and

   c.  Advised the Defendant's that the Plaintiff was represented by the undersigned law firm with regards to the Defendant's attempts to collect on the debt and directed the Defendant's to direct all further communications regarding the Defendant's attempts to collect on the debt to the undersigned address of 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324.

*See* ***COMPOSITE*** **EXHIBIT C**. (A true and correct copy of Plaintiff's: 1) Fax Activity Log confirming the successful fax transmission of (6) six pages sent by the Plaintiff to Defendant's

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

facsimile at 8773964464; and 2) Plaintiff's June 16, 2020 correspondence to Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC c/o Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP with enclosure).

42.     On or about June 17, 2020, Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, sent directly to the Plaintiff a communication whereby it continued to seek to collect the debt on behalf of Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. *See* ***COMPOSITE* EXHIBIT D**. (True and correct copy of the envelope indicating a mailing date of June 17, 2020 and of Defendants' correspondence to the Plaintiff which reflects a date of June 8, 2020).

43.     On or about June 20, 2020, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, sent directly to the Plaintiff a communication whereby it continued to seek to collect the debt directly from the Plaintiff. *See* **EXHIBIT E**. (True and correct copy of Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC's debt collection letter sent directly to the Plaintiff).

44.     On or about June 23, 2020, Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, sent directly to the Plaintiff a communication whereby it continued to seek to collect the debt on behalf of Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. *See* ***COMPOSITE* EXHIBIT F**. (True and correct copy of the envelope indicating a mailing date of June 23, 2020 and of Defendants' correspondence to the Plaintiff which reflects a date of June 21, 2020).

45.     Plaintiff's June 16, 2020 correspondence contained the undersigned as Plaintiff-debtor's attorney's name and address.

46.     During all relevant times, neither Defendant ever attempted to contact the undersigned as Plaintiff-debtor's attorney nor did the undersigned consent to a direct

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

communication with the Plaintiff-debtor nor did the Plaintiff-debtor initiate any communication with the Defendant subsequent to the Plaintiff sending his June 16, 2020 correspondence to the Defendants.

47.     Defendants attempted to harass, oppress and abuse the Plaintiff-consumer via the Defendant's respective continued attempts to collect on the Plaintiff's consumer account despite the Plaintiff's June 16, 2020 correspondence in violation of Florida and Federal law and the Defendant's actions have in fact harassed, oppressed and abused the Plaintiff-consumer.

48.     All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendants.

## COUNT I
## VIOLATIONS OF THE FDCPA AGAINST DEFENDANT, PORTFOLIO RECOVERY ASSOCIATES, LLC
## 15 U.S.C. § 1692 *et. seq.*

### *VIOLATIONS OF 15 U.S.C. § 1692c(a)(2) OF THE FDCPA – No. 1*

Plaintiff re-alleges and incorporates by reference paragraphs 1- 7 and 12 - 48 as if fully restated herein and further states as follows:

49.     15 U.S.C. § 1692c entitled "Communication in connection with debt collection" provides in pertinent part:

> **(a) Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> …
>
> **(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

*See* 15 U.S.C. 1692c(a)(2) (2020).

50.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (*hereinafter* "PORTFOLIO"), violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff-consumer when the Defendant knew the Plaintiff-consumer was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address.  *See* ***COMPOSITE*** **EXHIBIT C** and **EXHIBIT E**.

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against PORTFOLIO RECOVERY ASSOCIATES, LLC, for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. § 1692k.

***VIOLATIONS OF 15 U.S.C. § 1692d OF THE FDCPA – No. 2***

Plaintiff re-alleges and incorporates by reference paragraphs 1- 7 and 12 - 48 as if fully restated herein and further states as follows:

51.     15 U.S.C. § 1692d entitled "Harassment or abuse" provides in pertinent part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  *See* 15 U.S.C. § 1692d (2020).

52.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (*hereinafter* "PORTFOLIO"), violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the debt, which include but are not limited to:

a.  continuing to communicate with the Plaintiff-consumer in regards to the Defendant's attempts to collect on the debt despite the Defendant having

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

knowledge of, or could otherwise readily ascertain the undersigneds name and address in an attempt to harass, oppress, or abuse the Plaintiff-consumer in connection with the debt.  *See **COMPOSITE** EXHIBIT C* and **EXHIBIT E**.

53.     Defendant's actions were committed with Defendant's knowledge and were willful and intentional.

54.     Defendant's actions resulted in harassment, oppression and abuse of the Plaintiff.

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against PORTFOLIO RECOVERY ASSOCIATES, LLC, for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. § 1692k.

***VIOLATIONS OF 15 U.S.C. § 1692e(10) OF THE FDCPA – No. 3***

Plaintiff re-alleges and incorporates by reference paragraphs 1- 7 and 12 - 48 as if fully restated herein and further states as follows:

55.     15 U.S.C. 1692e(10) entitled "False or misleading representations" provides in pertinent part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt….
>
> *See* 15 U.S.C. 1692e(10) (2020).

56.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (*hereinafter* "PORTFOLIO"), violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

representation or means in connection with the collection of the Plaintiff's alleged debt. The Defendant's violations of 15 U.S.C. § 1692e(10) include but are not limited to:

    a.  continuing to communicate directly with Plaintiff despite it having been advised that the Plaintiff was being represented by the Law Office of Light & Gonzalez, PLLC with regards to the Defendant's attempt to collect the alleged debt from the Plaintiff and despite it having been advised to direct all further communications regarding the debt to the undersigned's address.  *See* **COMPOSITE** **EXHIBIT C** and **EXHIBIT E**.

57.    Defendant's actions were committed with Defendant's knowledge and were willful and intentional.

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against PORTFOLIO RECOVERY ASSOCIATES, LLC, for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. § 1692k.

**COUNT II**
**VIOLATIONS OF THE FDCPA AGAINST DEFENDANT, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP**
**15 U.S.C. § 1692 *et. seq.***

***VIOLATIONS OF 15 U.S.C. § 1692c(a)(2) OF THE FDCPA – No. 1***

Plaintiff re-alleges and incorporates by reference paragraphs 1- 7 and 12 - 48 as if fully restated herein and further states as follows:

58.    15 U.S.C. § 1692c entitled "Communication in connection with debt collection" provides in pertinent part:

> **(a) Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

collector may not communicate with a consumer in connection with the collection of any debt—

…

**(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]

*See* 15 U.S.C. 1692c(a)(2) (2020).

59.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP (*hereinafter* "RAUSCH"), violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff-consumer when the Defendant knew the Plaintiff-consumer was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address. *See* **COMPOSITE EXHIBIT C, D** and **F.**

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, for $1,000.00 statutory damages for each of its violations of the FDCPA, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. § 1692k.

***VIOLATIONS OF 15 U.S.C. § 1692d OF THE FDCPA – No. 2***

Plaintiff re-alleges and incorporates by reference paragraphs 1- 7 and 12 - 48 as if fully restated herein and further states as follows:

60.     15 U.S.C. § 1692d entitled "Harassment or abuse" provides in pertinent part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* 15 U.S.C. § 1692d (2020).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

61.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP (*hereinafter* "RAUSCH"), violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the debt, which include but are not limited to:

   a. continuing to communicate with the Plaintiff-consumer in regards to the Defendant's attempts to collect on the debt despite the Defendant having knowledge of, or could otherwise readily ascertain the undersigneds name and address in an attempt to harass, oppress, or abuse the Plaintiff-consumer in connection with the debt. *See* **COMPOSITE EXHIBIT C, D** and **F.**

62.     Defendant's actions were committed with Defendant's knowledge and were willful and intentional.

63.     Defendant's actions resulted in harassment, oppression and abuse of the Plaintiff.

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, for $1,000.00 statutory damages for each of its violations of the FDCPA, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. § 1692k.

### *VIOLATIONS OF 15 U.S.C. § 1692e(10) OF THE FDCPA – No. 3*

Plaintiff re-alleges and incorporates by reference paragraphs 1- 7 and 12 - 48 as if fully restated herein and further states as follows:

64.     15 U.S.C. 1692e(10) entitled "False or misleading representations" provides in pertinent part that:

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

…

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt….

> *See* 15 U.S.C. 1692e(10) (2020).

65.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP (*hereinafter* "RAUSCH"), violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representation or means in connection with the collection of the Plaintiff's alleged debt. The Defendant's violations of 15 U.S.C. § 1692e(10) include but are not limited to:

   a.   continuing to communicate directly with Plaintiff despite it having been advised that the Plaintiff was being represented by the Law Office of Light & Gonzalez, PLLC with regards to the Defendant's attempt to collect the alleged debt from the Plaintiff and despite it having been advised to direct all further communications regarding the debt to the undersigned's address; and

   b.   Defendant RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP debt collection efforts violated 15 U.S.C. § 1692e(10) by using  false, deceptive, or misleading representations in connection with the collection of the debt; namely, by:

      i.   dating their letter with a date of June 8, 2020 but not mailing it out to the Plaintiff-consumer until June 17, 2020; and

      ii.   dating their letter with a date of June 21, 2020 but not mailing it out to the Plaintiff-consumer until June 23, 2020.

   *See **COMPOSITE** EXHIBIT C, D* and **F.**

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

66.     Defendant's actions were committed with Defendant's knowledge and were willful and intentional.

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, for $1,000.00 statutory damages for each of its violations of the FDCPA, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATIONS OF THE FCCPA AGAINST DEFENDANT, PORTFOLIO RECOVERY ASSOCIATES, LLC
### Florida Statute §559.551, *et seq.*

### *VIOLATIONS OF FLA. STAT. §559.72(18) OF THE FCCPA – No. 1*

Plaintiff re-alleges and incorporates by reference paragraphs 8 - 48 as if fully restated herein and further states as follows:

67.     Florida Statute §559.72 entitled "Prohibited practices generally" provides in pertinent part that:

> In collecting consumer debts, no person shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

> *See* Fla. Stat. §559.72(18) (2020).

68.     Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (*hereinafter* "PORTFOLIO"), violated Florida Statute, §559.72(18) by communicating with the Plaintiff-consumer when the Defendant knew that he was represented by an attorney with respect to such

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

debt and had knowledge of, or could readily ascertain, such attorney's name and address. *See* *COMPOSITE* **EXHIBIT C** and **EXHIBIT E**.

69.     Defendant's actions were committed with Defendant's knowledge and were willful and intentional.

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Florida Statute, §559.77(2).

**COUNT IV**
**VIOLATIONS OF THE FCCPA AGAINST DEFENDANT, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP**
**Florida Statute §559.551, *et seq.***

***VIOLATIONS OF FLA. STAT. §559.72(18) OF THE FCCPA – No. 1***

Plaintiff re-alleges and incorporates by reference paragraphs 8 - 48 as if fully restated herein and further states as follows:

70.     Florida Statute §559.72 entitled "Prohibited practices generally" provides in pertinent part that:

> In collecting consumer debts, no person shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

> *See* Fla. Stat. §559.72(18) (2020).

71.     Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP (*hereinafter* "RAUSCH"), violated Florida Statute, §559.72(18) by communicating with the

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Plaintiff-consumer when the Defendant knew that he was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address. **_COMPOSITE_ EXHIBIT C, D** and **F.**

72.     Defendant's actions were committed with Defendant's knowledge and were willful and intentional.

WHEREFORE, Plaintiff requests that this honorable Court enter a judgment against Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to Florida Statute, §559.77(2).

## PRAYER FOR RELIEF

WHEREFORE, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

a.  Judgment against each Defendant declaring that Defendant violated the FDCPA;

b.  Judgment against each Defendant for the maximum statutory damages for violations of the FDCPA in the amount of $1,000.00;

c.  Judgment against each Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(l);

d.  Judgment against each Defendant declaring that Defendant violated the FCCPA;

e.  Judgment against each Defendant for statutory damages pursuant to the FCCPA in the amount of $1,000.00;

f.  Judgment against each Defendant for actual damages pursuant to §559.77(2);

g.  Judgment in favor of the Plaintiff and against each Defendant for an award of reasonable attorneys' fees and costs pursuant to Fla. Stat. §559.77(2) and 15 U.S.C. §1692k(a)(3); and

h.  Any other such relief the Court may deem proper.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues triable by right.

Dated: February 17, 2021

Respectfully submitted,

By: /s/ *Anthony Gonzalez*
      **ANTHONY GONZALEZ, ESQ.**
      Florida Bar No.: 119756
      **Gregory Light, Esq.**
      Florida Bar No.: 120907
      **LIGHT & GONZALEZ, PLLC**
      **Attorneys for the Plaintiff**
      8751 W. Broward Blvd., Ste. 209
      Plantation, FL 33324
      Telephone: 754-900-6545 / 888-DEBT-LAW
      Fax:     754-203-2700
      Designated Service E-mail Address:
      service@lightgonzalezlaw.com
      *COUNSEL FOR THE PLAINTIFF*